# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| CALANDRA BULLARD, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:19-CV-96-WC |
| EAST ALABAMA MEDICAL CENTER, | ) |
| Defendant. | ) JURY TRIAL REQUESTED |

FILED
FEB - 1 2019
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## COMPLAINT

**COMES NOW** the Plaintiff, Calandra Bullard, by and through her undersigned counsel of record, and hereby doth complains and avers against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Bullard files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Bullard filed a charge of race discrimination with the EEOC in Birmingham on October 4, 2018. Plaintiff received a right-to-sue on November 5, 2018, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

1



3. Venue is proper in the Eastern Division of the Middle District of Alabama since the alleged discriminating action of Defendant occurred in Lee County, Alabama.

## II. PARTIES

4. The named Plaintiff, Bullard (hereinafter "Plaintiff" or "Plaintiff Bullard"), is a citizen of the United States and a resident of Auburn, Alabama. Plaintiff is over the age of nineteen years and is of sound mind and body.

5. The Defendant, East Alabama Medical Center (hereinafter "Defendant" or "EAMC"), operates a medical facility located in Opelika, Alabama. At all times relevant to this complaint, the Plaintiff was employed by said Defendant.

## III. STATEMENT OF FACTS

1. Plaintiff Bullard is a thirty-nine-year-old African American female residing in Auburn, Alabama.

2. Defendant East Alabama Medical Center maintains 2 medical centers throughout Alabama and employs over 15 employees.

3. Plaintiff Bullard began employment with Defendant as a Human Resources Generalist in June 2017. Shortly in September 2017, Plaintiff was appointed Leave Coordinator by Clara Pitts (white female). As Leave Coordinator, she would be replacing Ms. Debra Walter (white female).

4. Plaintiff Bullard has over 17 years of experience in Human Resources beginning in 2001. Plaintiff Bullard's education includes a Certification of Professional in Human Resources, Associate of Science in Office and Business Management, Bachelor of

2

Science in Resource Management, and Master of Business Administration with a concentration in Human Resources.

5. In February 2018, Matt Sampson (white male) was selected to be the new Human Resources Director. Shortly after Mr. Sampson's appointment, March 22, 2018, the Plaintiff alone was instructed to take the Hogan Assessment Test.

6. After taking the assessment, a facilitator expressed some concerns about two portions of Plaintiff's work habits – (a) Reaction to Authority: Diligence; and (b) Reaction to Authority: Dutiful. During Plaintiff's tenure, she was never confronted or disciplined for either lack of diligence or dutifulness. Even though some concerns existed, no plan of action was taken to help Plaintiff Bullard rectify the concerns of the facilitator. Plaintiff Bullard avers that she has no negative disciplinary records in her personnel file. If there is a demerit in Plaintiff's file, she was not notified of such a demerit.

7. On Aprils 26, 2018, Director Matt Sampson, a white male, called Plaintiff Bullard into his office and terminated Plaintiff Bullard. Mr. Sampson stated that "It would be in the best interests of East Alabama Medical Center and yourself, if we part ways."

8. Plaintiff Bullard, prior to her termination, received a good 90-day performance evaluation, and received compliments on her performance.

9. Plaintiff Bullard avers that her African American race was a subtle but substantial factor in her termination and states that EAMC misused the Hogan's Assessment to justify its wrongful termination of her.

10. Plaintiff Bullard was replaced by Crystal Jackson, a white female, who was not as qualified as Plaintiff for the position. Ms. Jackson was newly in the office prior to Plaintiff's termination. Even worse, Ms. Jackson has two felony convictions; one for distribution of drugs, the other for supplying alcohol to a minor.

11. After Plaintiff's termination, her prior position was posted on the job board. A qualified black female applied for the position, however said female was then informed by EAMC that the company was no longer hiring for the position.

12. Plaintiff felt belittled and demeaned by Defendant's pervasively cold and hostile environment, based on her race, and says that EAMC violated Plaintiff's right to be free of racial discrimination in employment by terminating her employment and replacing her with a white female.

### IV. PLAINTIFF'S FIRST CAUSE OF ACTION
### RACE DISCRIMINATION

13. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 12 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

14. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 12 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

15. Plaintiff has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Bullard respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b) An order granting Plaintiff compensation for rights to which the Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages, due to the egregious nature of the race discrimination practiced against the Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION
## RACE-BASED COLD AND HOSTILE WORKING ENVIRONMENT

16. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 - 12 above, the same as if more fully set forth herein, and says that the Defendant's actions toward her violated her right to be free of a pervasive race-based cold and hostile working environment in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000(e), et seq.), as amended by the 1991 Civil Rights Act.

17. As to specifics for the race-based cold and hostile work environment that Plaintiff suffered, Plaintiff cites the facts set forth particularly in the statement of facts above, paragraphs 1 - 12 above.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

    a)    A judgment declaring that the Plaintiff was subjected to an egregious race-based hostile work environment;

    b)    An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

    c)    An award of punitive damages due to the egregiousness of the Defendant's wrongdoing;

    d)    An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

    e)    Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 1st day of **February 2019**.

Calandra Bullard, Plaintiff

_____
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321    FAX
julianmcphillips@msg-lawfirm.com

_____
Tanika Finney (ASB-1359-A23B), Of Counsel
Co-Counsel for Plaintiff
Law Office of Tanika L. Finney
516 South Perry Street, Suite 3-A
Montomgery, AL 36104
(334) 239-7376
tanika@tlfinneylaw.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

_____
Tanika Finney (ASB-1359-A23B), Of Counsel
Co-Counsel for Plaintiff
Law Office of Tanika L. Finney
516 South Perry Street, Suite 3-A
Montomgery, AL 36104
(334) 239-7376
tanika@tlfinneylaw.com