**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **Calandra Bullard,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:19-cv-00096-WC |
| | ) |
| **East Alabama Medical Center,** | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT EAST ALABAMA MEDICAL CENTER'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant East Alabama Medical Center ("Defendant") answers Plaintiff Calandra Bullard's ("Plaintiff") Amended Complaint as follows, and asserts the following affirmative defenses. Except as specifically admitted herein, Defendant denies all material allegations of Plaintiff's Amended Complaint.

**JURISDICTION & VENUE**

1. Defendant admits that this Court has subject-matter jurisdiction over this case but denies that it is liable to Plaintiff or that Plaintiff is entitled to any relief whatsoever.

2. Admitted upon information and belief.

3. Defendant admits that venue is proper in this Court but denies that any discriminating action occurred.

**PARTIES**

4. Admitted upon information and belief.

5. Admitted.

**STATEMENT OF FACTS**

1. Admitted upon information and belief.

2. Defendant admits that it maintains two medical centers in Alabama and employs over 15 employees.

3. Denied.

4. Defendant is without information sufficient to admit or deny the allegations in this paragraph and therefore denies the allegations in this paragraph.

5. Denied.

6. Denied.

7. Admitted.

8. Except to admit that Plaintiff received some compliments on her performance during her 90-day performance evaluation, denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

**PLAINTIFF'S FIRST CAUSE OF ACTION**
**RACE DISCRIMINATION**

13. Defendant repeats, realleges, and incorporates by reference the initial paragraphs 1 through 5 and the subsequent paragraphs 1 through 12 above, as if restated herein, and denies that its actions toward Plaintiff violated her right to be free of racial discrimination in her employment according to Title VII of the Civil Rights Act of 1964 as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. § 1981(a).

14. Denied.

15. Upon information and belief, Defendant admits that Plaintiff has pursued and exhausted her administrative remedies.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Section of the Complaint entitled "Prayer for Relief" and subparts A–F thereunder, and denies that Plaintiff is entitled to any relief whatsoever.

## PLAINTIFF'S SECOND CAUSE OF ACTION
## RACE-BASED COLD AND HOSTILE WORKING ENVIRONMENT

16.     Defendant repeats, realleges, and incorporates by reference the initial paragraphs 1 through 5 and the subsequent paragraphs 1 through 15 above, as if restated herein, and denies that its actions toward Plaintiff violated her right to be free of a pervasive race-based cold and hostile working environment according to Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e), et seq.), as amended by the 1991 Civil Rights Act.

17.     Defendant denies that Plaintiff was subjected to a race-based cold and hostile work environment and cites the responses to the initial paragraphs 1 through 5 and subsequent paragraphs 1 through 16 above as specifics.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Section of the Complaint entitled "Prayer for Relief" and subparts A–E thereunder, and denies that Plaintiff is entitled to any relief whatsoever.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

To the extent not expressly admitted in this Answer, Defendant denies the allegations of Plaintiff's Complaint and demands strict proof thereof. Defendant further responds to Plaintiff's Complaint with the following additional and affirmative defenses:

1.     Some or all of the claims asserted in the Complaint fail to state a claim upon which relief may be granted.

2.     There are no issues of material fact and Defendant is entitled to judgment as a matter of law.

3. Plaintiff does not have standing to bring all or some of her claims.

4. Defendant is not guilty of any intentional or culpable action and is not liable to Plaintiff under any theory of law.

5. To the extent that any alleged unlawful acts occurred more than 180 days prior to Plaintiff's filing of an administrative charge of discrimination, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or are otherwise untimely.

6. To the extent that any alleged unlawful acts occurred more than 180 days prior to Plaintiff's filing of an administrative charge of discrimination, a civil action based on said acts is barred.

7. For avoidance of waiver, some of Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies or otherwise fulfill the statutory prerequisites to filing this suit.

8. Plaintiff's claims are barred, in whole or in part, by the employment "at-will" doctrine.

9. Plaintiff's Complaint fails to recite allegations sufficient to establish a prima facie claim of discrimination or hostile work environment under Title VII of the Civil Rights Act or § 1981.

10. Defendant denies that any unlawful or tortious acts were committed against Plaintiff.

11. Defendant owed no duty to Plaintiff.

12. Defendant did not breach any duty it may have owed to Plaintiff.

13. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant had anti-harassment and anti-discrimination policies in effect and Plaintiff failed to

avail herself of those policies and failed to bring her alleged complaints to the attention of Defendant.

14. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any unlawfully harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities and/or to avoid harm otherwise.

15. Plaintiff's claims are barred, in whole or in part, because Defendant responded promptly and appropriately to any complaints of discrimination or harassment that were brought to its attention in accordance with its policies.

16. Plaintiff has failed to allege conduct that is sufficiently "severe or pervasive" to state a claim under Title VII or § 1981.

17. Plaintiff was not subjected to harassment or hostile work environment, on the basis of race, or otherwise, during the course of her employment with Defendant.

18. Plaintiff was not subjected to any harassment, on the basis of race, or otherwise, which was sufficiently severe or pervasive to alter the terms and conditions of her employment with Defendant.

19. Defendant has at all times acted reasonably and in good faith.

20. Any actions taken by Defendant toward Plaintiff were for legitimate, nondiscriminatory reasons in good faith without regard to her race, national origin, or any protected characteristic or activity.

21. Any alleged misconduct by any employee of Defendant that affected Plaintiff was done: without the authority, knowledge, approval or ratification of Defendant; in conflict with

and in violation of Defendant's policies; solely for personal purposes not related to work for Defendant; and outside the course and scope of employment.

22. Plaintiff's claims are barred, in whole or in part, because any losses she has sustained or will sustain are due to her own failures and omissions and her own conduct or negligence and assumption of risk.

23. Plaintiff's claims and/or damages may be limited by the after-acquired evidence doctrine.

24. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

25. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

26. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

27. To the extent Plaintiff sat on her rights and accepted remuneration without complaining or providing any notice or indication to Defendant of any claim of any violation of law, her claims may be barred by the equitable doctrines of laches and/or estoppel.

28. To avoid waiver, Defendant preserves all affirmative defenses under 42 U.S.C. § 2000e-5(g).

29. Without conceding that Defendant has the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Defendant avers that, through use of diligent efforts, Plaintiff could have mitigated her alleged loss of earnings and other damages, if any, and upon information and belief, she failed to do so.

30. The imposition of punitive damages would violate the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and analogous provisions of Alabama's Constitution because (a) the standard for liability for punitive damages is inadequate,

unduly vague and subjective, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that serves no legitimate governmental interest, and (b) there are no adequate standards or procedures for reviewing awards for punitive damages.

31. Plaintiff is precluded from any recovery because she has not suffered any damages or any legally recognizable injury and/or the damages she seeks are speculative and not recoverable as a matter of law.

32. The Complaint fails to state facts sufficient to support an award of either attorneys' fees or costs against Defendant.

33. Plaintiff's claims are barred, in whole or in part, insofar as Defendant's purported actions or omissions were not the proximate cause of any alleged injury, loss, and/or damage incurred by Plaintiff.

34. Any alleged damages suffered by Plaintiff were not caused by any action, conduct, behavior, or incidents for which Defendant is or could be liable.

35. To the extent that the Complaint seeks punitive damages, Plaintiff is not entitled to such since Defendants acted at all times towards Plaintiff in good faith, without malice, evil intent or reckless disregard for her rights, and made good faith efforts to comply with the law.

36. To the extent Plaintiff demands punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore,* 116 S. Ct. 1589 (1996) and its progeny.

37. Defendant reserves the right to assert additional affirmative defenses insofar as Plaintiff's claims are clarified in the course of this proceeding or additional evidence is discovered.

38.     Defendant believes that Plaintiff's claims are frivolous, malicious, and/or defamatory, and reserves the right to assert any and all applicable claims against Plaintiff on any or all of those bases, and/or other bases as may be discovered in the course of discovery, in accordance with the Rules and the Court's Scheduling Order.

39.     At the time of filing this Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserves the right to amend this answer based on discovery of additional information or affirmative defenses at a later date up to and including the time of trial.

Respectfully Submitted,

*/s/ Warren B. Lightfoot, Jr.*
Warren B. Lightfoot, Jr.
Brock Phillips
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
Regions Harbert Plaza Suite 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
Fax: (205) 254-1999
Email: wlightfoot@maynardcooper.com
Email: bphillips@maynardcooper.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Julian McPhillips
McPhillips Shinbaum, LLP
516 South Perry Street
Montgomery, AL 36104
julianmcphillips@msg-lawfirm.com

Tanika Finney
Law Office of Tanika L. Finney
516 South Perry Street, Suite 3-A
Montgomery, AL 36104
tanika@tlfinneylaw.com

*/s/ Warren B. Lightfoot, Jr.*
OF COUNSEL